11-3915
Pan v. Holder

BIA
Cheng, IJ
A087 462 992

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand thirteen.

PRESENT:
        JON O. NEWMAN,
        ROSEMARY S. POOLER,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges*.

_____

XIAO SHI PAN,
     *Petitioner*,

      v.                            **11-3915**

                                       **NAC**

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiao Shi Pan, a native and citizen of the People's Republic of China, seeks review of a September 2, 2011, decision of the BIA affirming the March 4, 2010, decision of Immigration Judge ("IJ") Mary Cheng, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Shi Pan*, No. A087 462 992 (B.I.A. Sept. 2, 2011), *aff'g* No. A087 462 992 (Immig. Ct. N.Y. City Mar. 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Pan's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's

2

"demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 163-64, 165 (2d Cir. 2008) (per curiam). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such" a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

The IJ reasonably based her credibility finding on inconsistent testimony and omissions in Pan's supporting documentation, including the following: (1) Pan's testimony that his mother introduced him to her church in December 2006, though he later testified that he first attended church in April 2007; (2) Pan's testimony that he and his family attended the same church and then "split" into different churches, though he later testified that he had never attended his mother's or siblings' church; (3) Pan's testimony that his parents paid a fine to release him from jail though he later testified that his mother alone had paid the fine and the fine receipt reflected that he himself had paid the fine; (4) an omission in a letter from Pan's

3

pastor, which did not mention Pan's alleged arrest for distributing religious flyers in China; and (5) an omission in a letter from Pan's father, which did not mention the alleged fine imposed against Pan. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167. The IJ was not required to credit Pan's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). In addition, the adverse credibility determination is further supported by the IJ's demeanor finding based on Pan's non-responsive and hesitant testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Given the inconsistent testimony, omissions, and the IJ's demeanor finding, the totality of the circumstances supports the agency's adverse credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Pan's life or freedom from persecution or torture depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006)

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk